his making that repayment, but because of the fact that his explanation was satisfactory to the referee and excused his not repaying the money. These proceedings are never used as a means of enforcing the claim ·of a client against an attorney, and the payment of money after charges are preferred is not of the slightest consequence in determining the question of a respondent's misconduct.

The report of the referee is approved, with the exception of the particular mentioned.

---

### MACDONNELL v. PRESS PUB. CO.

(Supreme Court, Appellate Division, First Department. ˙May 31, 1912.)

LIBEL AND SLANDER (§ 52✳)—PROOF OF JUSTIFICATION.

In order to justify a libelous publication, the justification must be as broad as the charge.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. § 151; Dec. Dig. § 52.*]

Appeal from Trial Term, New York County.

Action by Allan G. Macdonnell against the Press Publishing Company. From a judgment for defendant on a directed verdict, and an order denying a new trial, plaintiff appeals. Reversed, and new trial granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, MILLER, and DOWLING, JJ.

John Thomas Smith, of New York City, for appellant.
Howard Taylor, of New York City, for respondent.

PER CURIAM. We are of the opinion that the learned trial court erred in directing a verdict for the defendant on the ground that the article was privileged under section 1907 of the Code of Civil Procedure. The Pennsylvania warrant charged the plaintiff, with others, with unlawfully and willfully, falsely, and maliciously conspiring to cheat and defraud. It did not charge him with "false pretenses and grand larceny." Nor could the court hold as a matter of law that the defendant had justified the publication. In order to justify a libelous publication, the justification proved must be as broad as the charge, and, whatever view may be entertained as to defendant's proof bearing on that subject, it was not so clear or convincing as to warrant the court in disposing of it as a matter of law. On the contrary, a question of fact was presented, which should have been left to the jury.˙

The judgment and order appealed from should be reversed, and a new trial granted, with costs to the appellant to abide the event.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes